**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2176
_____

PABLO ADRIEL ALVAREZ PRIETO,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA-1 : A216-282-344)
Immigration Judge: John B. Carle

_____

Submitted under Third Circuit L.A.R. 34.1(a)
April 22, 2020

(Opinion filed: May 21, 2020)

Before: HARDIMAN, RENDELL and FISHER, Circuit Judges

## O P I N I O N*

**RENDELL**, <u>Circuit Judge</u>:

Petitioner Pablo Alvarez-Prieto ("Alvarez") entered the United States in 2017. He was charged with removability and detained. While in detention, Alvarez filed an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). An Immigration Judge ("IJ") denied his applications and the Board of Immigration Appeals ("BIA") affirmed. Alvarez now petitions for review of the order of removal. Because substantial evidence supports the BIA's findings, we will deny Alvarez's petition for review.

## I.[1]

Alvarez is a Cuban national who entered the United States at the Mexican border in December 2017. Alvarez then applied to be admitted to the United States without a valid entry permit or visa. At the border, officials from the United States Customs and Border Patrol interviewed Alvarez. During the interview, Alvarez stated that he was attempting to enter the United States "[t]o make a better life for myself and this is the only place I have family" and that he had been detained "for one day only" by

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Because we write for the parties, who are familiar with the facts and the procedural posture to date, we only include what is necessary to explain our decision.

2

government officials in his native Cuba for selling contraband. Administrative Record at 676.

Alvarez was charged with removability under 8 U.S.C. § 1227(a)(7)(A)(i)(I) as an immigrant not in possession of valid entry documents. He was detained. About a month later, Alvarez was given a "credible fear" interview. In this interview, Alvarez described being detained on several occasions in Cuba for his potential affiliation with an anti-revolutionary organization, the "Ladies in White," a group of wives and mothers of men who are held as political prisoners in Cuba. The Department of Homeland Security issued a Notice to Appear again charging Alvarez with removability under 8 U.S.C. § 1227(a)(7)(A)(i) as an immigrant not in possession of valid entry documents.[2] Alvarez then filed an application for asylum, withholding of removal, and protection under the CAT.

The IJ held a hearing on the merits of Alvarez's applications for asylum, withholding of removal, and relief under the CAT. At this proceeding, Alvarez stated that he had been detained in Cuba up to twenty times over the course of six months because of the government's suspicion that he was affiliated with the Ladies in White. He testified that, during the detentions, he was threatened with loss of his job, and that, after he did lose his job, he was forced by circumstances to leave Cuba for Mexico, where he worked as a cook and a retail clerk. He testified that he returned several times to Cuba and was detained once again for attempting to bring an air conditioner and television into

---

[2] Alvarez later admitted the allegations in the Notice to Appear.

3

the country. After his last trip to Cuba, he decided to seek asylum in the United States. He testified that he feared further detentions, physical harm, and oppression if he were to return although his family remained unharmed in Cuba.

An IJ denied Alvarez's applications for asylum, withholding of removal, and relief under the CAT. In a seventeen-page oral decision, the IJ ruled that Alvarez was not credible because various pieces of his testimony at his merits hearing and interviews were inconsistent. The IJ emphasized that Alvarez had given conflicting testimony regarding his various detentions and his alleged involvement with the Ladies in White. On this basis, the IJ ruled that Alvarez failed to meet his burdens of proof for asylum and withholding of removal.

The IJ also found, in the alternative, that Alvarez had not established past persecution or a fear of future persecution because, even if his allegations were true, his past mistreatment would not have amounted to past persecution and that his fear of future persecution was belied by his numerous return trips to Cuba after leaving for Mexico. Because of the IJ's findings on Alvarez's application for asylum, the IJ also ruled that Alvarez failed to make out a claim for withholding of removal or protection under the CAT.

Alvarez appealed to the Board of Immigration Appeals. The BIA upheld the IJ's order. The BIA ruled that the IJ's credibility determinations were not clearly erroneous because the IJ cited to discrepancies in the petitioner's various interviews about the reasoning for and number of detentions he had suffered in Cuba. The BIA held that, therefore, Petitioner had not met his burdens of proof for asylum and withholding of

removal. Also, in the alternative, the BIA ruled that Alvarez had failed to show that he suffered past persecution or had a well-founded fear of future persecution.[3]

Alvarez filed a timely petition for review.

## II.

We have jurisdiction over Alvarez's challenge to his removal order under 8 U.S.C. § 1252(a)(1). "Although our jurisdiction only extends to final orders of removal and thus only to decisions of the BIA, we also review the IJ's decision to the extent it is adopted, affirmed, or substantially relied upon by the BIA." *Guzman Orellana v. Att'y Gen.*, 956 F.3d 171, 177 (3d Cir. 2020) (footnotes omitted). We also have jurisdiction to determine our jurisdiction. *See Biskupski v. Att'y Gen.*, 503 F.3d 274, 279 (3d Cir. 2007).

## III.

Alvarez raises several challenges to the BIA's order of removal in his petition for review. Because each of Alvarez's challenges fail, we will deny his petition.[4]

---

[3] The BIA also ruled that because Alvarez "does not meaningfully challenge the denial of his Convention Against Torture claim," he waived that claim on appeal to the BIA. App. 34 n.1. Alvarez does not challenge this ruling in his petition for review of the BIA's order of removal.

[4] Alvarez also challenges his detention by United States Immigration and Customs Enforcement ("ICE"). Specifically, Alvarez argues that ICE should have granted him parole under ICE Directive 11002.1, "Parole of Arriving Aliens Found to Have Credible Fear of Persecution or Torture," and that ICE's failure to do so violated the Administrative Procedure Act, 5 U.S.C. § 551, *et seq.*, and Alvarez's rights under the Fifth Amendment of the United States Constitution. Because we do not have jurisdiction over Alvarez's challenges to his detention through his petition for review of the order of removal, we will dismiss this part of Alvarez's petition for review for lack of jurisdiction. *See Nnadika v. Att'y Gen.*, 484 F.3d 626, 632 (3d Cir. 2007) (holding that an alien's challenge to his or her detention must be pursued in a petition for habeas corpus filed in the District Court, not in a petition for review of an order of removal filed with the court of appeals).

**A. BIA's and IJ's Adverse Credibility Finding**

Alvarez first argues that the BIA erred by upholding the IJ's adverse credibility finding. Alvarez argues that the IJ's credibility finding was "based on unsupported speculation about how the Cuban government would deal with the scenario Mr. Alvarez-Prieto set forth in his story and minor inconsistencies that should not have been fatal to his application." Pet'r's Br. 12. We review the agency's adverse credibility decisions, like its other factual findings, under the substantial evidence standard of review. *See, e.g.*, *Chen v. Gonzales*, 434 F.3d 212, 216 (3d Cir. 2005). Under this standard, the adverse credibility finding "must be upheld unless the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft*, 242 F.3d 477, 483-84 (3d Cir. 2001).

Substantial evidence supports the BIA's decision to affirm the IJ's adverse credibility determination. The IJ found that Alvarez gave inconsistent testimony about his treatment in Cuba at his hearing and two interviews. For example, the BIA and IJ both noted that Alvarez initially testified in his border interview that he had only been detained once in Cuba, but later testified at his hearing before the IJ that he had been detained in Cuba almost twenty times. The BIA and IJ also noted that Alvarez gave inconsistent testimony about his affiliation with the Ladies in White. These "discrepancies . . . 'go to the heart of [Alvarez's] claim'" and therefore "certainly support an adverse credibility determination." *He Chun Chen v. Ashcroft*, 376 F.3d 215, 224 (3d Cir. 2004) (quoting *Xie v. Ashcroft*, 359 F.3d 239, 246 (3d Cir. 2004)) (affirming adverse credibility finding based on inconsistencies between an alien's "airport interview" and

6

hearing testimony in immigration proceedings). Therefore, the BIA's order affirming the IJ's adverse credibility determination is supported by substantial evidence.

## B. BIA's and IJ's Denial of Alvarez's Application for Asylum

Alvarez also briefly argues that the IJ and the BIA erred by denying his application for asylum in the alternative to their adverse credibility finding. The IJ and BIA ruled that, even if Alvarez's assertions about being detained and threatened by the Cuban government were true, they did not rise to the level of severity required under our standard for past persecution or fear of future persecution. We review the BIA's alternative decision under the substantial evidence standard. *See Chavarria v. Gonzalez*, 446 F.3d 508, 515 (3d Cir. 2006) ("The BIA's conclusions regarding evidence of past persecution and the well-founded fear of future persecution are findings of fact, and we therefore review these conclusions under the deferential substantial evidence standard.").

Substantial evidence supports the BIA's and IJ's finding that Alvarez did not show that he suffered from past persecution or had a well-founded fear of future persecution as required to succeed on his asylum petition. Persecution is an "extreme concept." *Fatin v. I.N.S.*, 12 F.3d 1233, 1243 (3d Cir. 1993). It "does not encompass all treatment our society regards as unfair, unjust, or even unlawful or unconstitutional." *Kibinda v. Att'y Gen.*, 477 F.3d 113, 119 (3d Cir. 2007) (quoting *Fatin*, 12 F.3d at 1240). Alvarez does not claim that he was physically harmed, and although he need not do so to succeed on his asylum petition, he also fails to show that the threats he suffered were sufficiently "concrete and menacing" to amount to persecution. *See, e.g.*, *Herrera-Reyes v. Att'y Gen*, 952 F.3d 101, 110 (3d Cir. 2020). The IJ and BIA also appropriately found that

7

Alvarez had not established a fear of future persecution through "use [of] testimonial, documentary, or expert evidence to show both a subjective and an objectively reasonable fear of future persecution," *Lukwago v. Ashcroft*, 329 F.3d 157, 177 (3d Cir. 2003), which Alvarez failed to do. We will therefore deny his petition for review on this basis.[5]

**IV.**

For the reasons stated above, we will dismiss Alvarez's challenge to his detention for lack of jurisdiction and deny the remainder of Alvarez's petition for review of the BIA's order of removal.

---

[5] "Because withholding of removal carries a higher burden of proof than asylum," Alvarez's request for withholding of removal was also properly denied. *Ying Chen v. Att'y Gen.*, 676 F.3d 112, 117 (3d Cir. 2011).